UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROGER THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:12-cv-1177-SEB-TAB |
| | ) | |
| DR. CONANT, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Denying Motion for Temporary Restraining Order and Preliminary Injunction**

The motion for temporary restraining order ("TRO") and preliminary injunction filed by plaintiff Roger Thompson ("Thompson") has been considered.

Thompson requests an order to restrain defendant Catherine Keefer from having any contact with him. Ms. Keefer is a mental health provider at the facility where Thompson is confined. Thompson alleges that Ms. Keefer wrote a "frivolous" and "vindictive" conduct report against him which resulted in the loss of good time credit. The conduct report was written after Ms. Keefer met with Thompson on April 3, 2013, for a 90-day behavioral health consultation.

The affidavits of Thompson and Ms. Keefer describing what occurred during and shortly after the mental health session are not consistent. It is undisputed, however, that after the session, Ms. Keefer wrote a conduct report charging Thompson with inappropriate and threatening behavior.

After an administrative hearing, Thompson was found guilty of the charge. Ms. Keefer had no involvement in deciding the punishment, lost good time, imposed as a sanction for Thompson's behavior.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Goodman v. Illinois Dept. of Financial and Professional Regulation*, 430 F.3d 432, 437 (7th Cir. 2005) (internal quotation omitted). To warrant preliminary injunctive relief, the movant must first establish that he has "(1) no adequate remedy at law and will suffer irreparable harm if a preliminary injunction is denied and (2) some likelihood of success on the merits." *Ezell v. City of Chicago,* 651 F.3d 684, 694 (7th Cir. 2011).

Thompson does not have the right to dictate which mental health professionals work with him in prison. *See Arnett v. Webster*, 658 F.3d 742, 754 (7th Cir. 2011) (prisoners do not have the right to "demand specific care"). Nor can he use his motion for a TRO and preliminary injunction as a means of challenging a disciplinary proceeding. There is no basis on which Thompson's request to no longer have contact with Ms. Keefer would "succeed" given these circumstances.

Thompson's motion for TRO and preliminary injunction [Dkt. 85] must be **denied**.

**IT IS SO ORDERED.**

Date: 05/15/2013

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All electronically registered counsel

Roger Thompson
#926378
Plainfield Correctional Facility
Inmate Mail/Parcels
727 Moon Road
Plainfield, IN 46168